IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
Fort Smith Division

**KIMBERLY LOUGHRIDGE**                                                              **PLAINTIFF**

v.                  Case No.  2:24-cv-02078-PKH

**ALMA SCHOOL DISTRICT NO. 30;
CARRIE JERNIGAN, Individually and
in her capacity as Board Member of the
Alma School District; and MARK
CHAPEN RUCKER, Individually and
in his capacity as Board Member of the
Alma School District**                                       **DEFENDANTS**

## ANSWER

Comes now the Defendants, Alma School District, No. 30; Carrie Jernigan, Individually and in her capacity as Board Member of the Alma School District; and Mark Chapen Rucker, Individually and in his capacity as Board Member of the Alma School District, by and through their attorneys, McDaniel Wolff, PLLC, and for their Answer to the Complaint filed herein against them, do state:

1. Defendants admit the allegations in paragraph 1 of Plaintiff's Complaint, but note that Plaintiff's employment with Alma School District ends on June 30, 2024.

2. Defendants admit the allegations in paragraph 2 of Plaintiff's Complaint.

3. Defendants admit the allegations in paragraph 3 of Plaintiff's Complaint.

4. Defendants admit the allegations in paragraph 4 of Plaintiff's Complaint.

5. Defendants deny the allegations in paragraph 5 of Plaintiff's Complaint.

6. Defendants admit the allegations in paragraph 6 of Plaintiff's Complaint.

7. Defendants admit the allegations in paragraph 7 of Plaintiff's Complaint.

8. Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations in paragraph 9 of Plaintiff's Complaint. Pleading affirmatively, Plaintiff was hired as Alma Intermediate School in March 2019 and began her in the position after July 1, 2020.

10. Defendants admit that former Superintendent David Woolley recommended Plaintiff for the position of Principal of Alma Intermediate School and deny the remainder of the allegations in paragraph 10 of Plaintiff's Complaint. Pleading affirmatively, Plaintiff was hired as Alma Intermediate School in March 2019 and began her in the position after July 1, 2020.

11. Defendants admit the allegations in paragraph 11 of Plaintiff's Complaint.

12. Defendants admit that Plaintiff was employed under contracts while

she was employed at Alma School District and deny the remainder of the allegations in paragraph 12 of Plaintiff's Complaint. That is her contract

13.     Defendants admit that at the April 4, 2024, Alma School District Board of Directors Meeting Plaintiff was included in the Superintendent's list of certified staff positions recommended to be offered employment and denies the remainder of the allegations in paragraph 13 of Plaintiff's Complaint.

14.     Defendants admit that Defendant Rucker motioned and Defendant Jernigan seconded the motion to remove Plaintiff from the Recommendation of Employment for Certified Staff and vote separately on the recommendation for Plaintiff and deny the remainder of the allegations in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny that the words in the quote accurately relates Defendant Rucker's statement and deny the remainder allegations of in paragraph 17 of Plaintiff's Complaint.

18.     Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations in paragraph 19 of Plaintiff's

Complaint.

20. Defendants admit that Defendant Rucker stated the words in the quote and deny the remainder allegations of in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint.

24. Defendants admit that Defendant Rucker stated the words in the quote and deny the remainder allegations of in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny that the words in the quote accurately relates Defendant Rucker's statement and deny the remainder allegations of in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendants admit that Defendant Rucker stated the words in the quote

and deny the remainder allegations of in paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendants deny that the words in the quote accurately relates Defendant Rucker's statement and deny the remainder allegations of in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations in paragraph 32 of Plaintiff's Complaint.

33. Defendants admit that Defendant Jernigan made a statement at the meeting and deny the remainder of the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendants admit that Defendant Jernigan stated the words in the quote and deny the remainder allegations of in paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendants admit that Defendant Jernigan stated the words in the quote and deny the remainder allegations of in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendants admit that Defendant Jernigan stated the words in the quote and deny the remainder allegations of in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendants admit that the quoted language appears in a March 13, 2024, email from Defendant Jernigan and deny the remainder allegations of in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiff's

Complaint.

48. Defendants deny in part the allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations in paragraph 52 of Plaintiff's Complaint.

53. Defendants deny the allegations in paragraph 53 of Plaintiff's Complaint.

54. Defendants deny the allegations in paragraph 54 of Plaintiff's Complaint.

55. Defendants deny the allegations in paragraph 55 of Plaintiff's Complaint.

56. Defendants admit that Mr. McSpadden signed up for the public comment period and stated the words in the quote and deny the remainder allegations of in paragraph 56 of Plaintiff's Complaint.

57. Defendants deny the allegations in paragraph 57 of Plaintiff's

Complaint.

58. Defendants deny the allegations in paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations in paragraph 59 of Plaintiff's Complaint.

60. Defendants are without sufficient information to admit or deny the allegations in paragraph 60 of Plaintiff's Complaint and, therefore, deny same.

61. Defendants are without sufficient information to admit or deny the allegations in paragraph 61 of Plaintiff's Complaint and, therefore, deny same.

62. Defendants incorporate their responses to each preceding paragraph as if fully set forth herein.

63. Defendants deny the allegations in paragraph 63 of Plaintiff's Complaint.

64. Defendants deny the allegations in paragraph 64 of Plaintiff's Complaint.

65. Defendants deny the allegations in paragraph 65 of Plaintiff's Complaint.

66. Defendants deny the allegations in paragraph 66 of Plaintiff's Complaint.

67. Defendants deny the allegations in paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations in paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations in paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations in paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations in paragraph 71 of Plaintiff's Complaint.

72. Defendants deny the allegations in paragraph 72 of Plaintiff's Complaint.

73. Defendants deny the allegations in paragraph 73 of Plaintiff's Complaint.

74. Defendants deny the allegations in paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations in paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations in paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations in paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations in paragraph 78 of Plaintiff's

Complaint.

79. Defendants incorporate their responses to each preceding paragraph as if fully set forth herein.

80. Defendants deny the allegations in paragraph 80 of Plaintiff's Complaint.

81. Defendants deny the allegations in paragraph 81 of Plaintiff's Complaint.

82. Defendants deny the allegations in paragraph 82 of Plaintiff's Complaint.

83. Defendants deny the allegations in paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations in paragraph 84 of Plaintiff's Complaint.

85. Defendants deny the allegations in paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations in paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations in paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations in paragraph 88 of Plaintiff's Complaint.

89. Defendants deny the allegations in paragraph 89 of Plaintiff's Complaint.

90. Defendants deny the allegations in paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations in paragraph 91 of Plaintiff's Complaint.

92. Defendants deny the allegations in paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations in paragraph 93 of Plaintiff's Complaint.

94. Defendants incorporate their responses to each preceding paragraph as if fully set forth herein.

95. Defendants deny the allegations in paragraph 95 of Plaintiff's Complaint.

96. Defendants deny the allegations in paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations in paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations in paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations in paragraph 93 of Plaintiff's

Complaint as stated.

100. Defendants deny the allegations in paragraph 100 of Plaintiff's Complaint.

101. Defendants deny the allegations in paragraph 101 of Plaintiff's Complaint.

102. Defendants deny the allegations in paragraph 102 of Plaintiff's Complaint.

103. Defendants deny the allegations in paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations in paragraph 104 of Plaintiff's Complaint.

105. Defendants deny the allegations in paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegations in paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations in paragraph 107 of Plaintiff's Complaint.

108. Defendants deny the allegations in paragraph 108 of Plaintiff's Complaint.

109. Defendants deny the allegations in paragraph 109 of Plaintiff's Complaint.

110. Defendants deny the allegations in paragraph 110 of Plaintiff's Complaint.

111. Defendants incorporate their responses to each preceding paragraph as if fully set forth herein.

112. Defendants deny the allegations in paragraph 112 of Plaintiff's Complaint.

113. Defendants deny the allegations in paragraph 113 of Plaintiff's Complaint.

114. Defendants deny the allegations in paragraph 114 of Plaintiff's Complaint.

115. Defendants deny the allegations in paragraph 115 of Plaintiff's Complaint.

116. Defendants deny the allegations in paragraph 116 of Plaintiff's Complaint.

117. Defendants deny the allegations in paragraph 117 of Plaintiff's Complaint.

118. Defendants deny the allegations in paragraph 118 of Plaintiff's Complaint.

119. Defendants deny the allegations in paragraph 119 of Plaintiff's Complaint.

120. Defendants deny the allegations in paragraph 120 of Plaintiff's

Complaint.

121. Defendants deny the allegations in paragraph 121 of Plaintiff's Complaint.

122. Defendants deny the allegations in paragraph 122 of Plaintiff's Complaint.

123. Defendants deny the allegations in paragraph 123 of Plaintiff's Complaint.

124. Defendants deny the allegations in paragraph 124 of Plaintiff's Complaint.

125. Defendants deny the allegations in paragraph 125 of Plaintiff's Complaint.

126. Defendants deny the allegations in paragraph 126 of Plaintiff's Complaint.

127. Defendants incorporate their responses to each preceding paragraph as if fully set forth herein.

128. Defendants deny the allegations in paragraph 128 of Plaintiff's Complaint.

129. Defendants deny the allegations in paragraph 129 of Plaintiff's Complaint.

130. Defendants deny the allegations in paragraph 130 of Plaintiff's Complaint.

131. Defendants deny the allegations in paragraph 131 of Plaintiff's Complaint.

132. Defendants deny the allegations in paragraph 132 of Plaintiff's Complaint.

133. Defendants deny the allegations in paragraph 133 of Plaintiff's Complaint.

134. Defendants deny the allegations in paragraph 134 of Plaintiff's Complaint.

135. Defendants deny the allegations in paragraph 135 of Plaintiff's Complaint.

136. Defendants deny the allegations in paragraph 136 of Plaintiff's Complaint.

137. Defendants deny the allegations in paragraph 137 of Plaintiff's Complaint.

138. Defendants deny the allegations in paragraph 138 of Plaintiff's Complaint.

139. Defendants deny the allegations in paragraph 139 of Plaintiff's Complaint.

140. Defendants deny the allegations in paragraph 140 of Plaintiff's Complaint.

141. Defendants deny the allegations in paragraph 141 of Plaintiff's

Complaint.

142. Defendants deny the allegations in paragraph 142 of Plaintiff's Complaint.

143. Defendants deny the allegations in paragraph 143 of Plaintiff's Complaint.

144. Defendants join Plaintiff's request for a trial by jury.

145. Defendants deny the allegations in the "WHERFORE" paragraph of Plaintiff's Complaint.

146. Defendants deny all allegations not specifically addressed above.

## AFFIRMATIVE DEFENSES

147. Plaintiff's claims are barred by sovereign immunity.

148. Defendants Jernigan and Rucker in their individual capacities are entitled to qualified immunity from suit and from damages.

149. Separate Defendants Carrie Jernigan and Mark Chapen Rucker in their individual capacities, as officers of a school district and political subdivision of the State of Arkansas, namely Alma School District, are immune from tort liability pursuant to Ark. Code Ann. § 21-9-301. Alma School District is also immune from tort liability pursuant to Ark. Code Ann. § 21-9-301. Defendants assert and reserve the absolute immunity granted them by the General Assembly as a bar to the relief requested herein.

150. Defendants deny that any of the injuries or damages claimed by

Plaintiff were directly or proximately caused by any alleged actions, failures to act, fault, or other conduct on the part of these Defendants.

151. Defendants deny that Plaintiff is entitled to recover any damages, compensatory or punitive, from Defendants under any of the theories of liability asserted in their Complaint or any additional theories raised by any future amendment of the pleadings in this matter.

152. Plaintiffs' claims are barred by comparative fault, contributory negligence, and intervening proximate causes.

153. Plaintiff has failed to mitigate her damages.

154. Plaintiff's claims may be barred by any or all of the affirmative defenses set forth in rule 8(c) of the Federal Rules of Civil Procedure.

155. Plaintiffs' Complaint should be dismissed for failure to properly serve the Complaint, insufficiency of service of process, and insufficiency of process.

156. Plaintiffs' Complaint fails to state claims upon which relief can be granted.

157. Claims for punitive damages are unconstitutional and should be dismissed for each of three reasons: (a) There is no definitive standard for setting the amount of punitive damages and, therefore, an award of punitive damages without requiring Plaintiff to prove every element beyond a reasonable doubt or, in the alternative, by clear and convincing evidence, violates Defendants' due-process rights under the U.S. Constitution, including the Fourteenth Amendment. Absent a

high standard of proof, an award of punitive damages constitutes a taking without due process; (b) An award of punitive damages violates Defendants' due-process and equal-protection rights guaranteed by the U.S. Constitution, including the Fourteenth Amendment, and the double- jeopardy clause of the U.S. Constitution, as incorporated into the Fourteenth Amendment, in that a jury: (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award; (2) is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages in whole or in part, on the basis of discriminatory characteristics of a defendant; (4) is permitted to award punitive damages under a vague and arbitrary standard that does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not subject to judicial review on the basis of objective standards; and (6) is not required to consider the character and degree of the alleged wrong because there is no standard of comparison for imposition of punitive damages; and (c) An award of punitive damages under a process which fails to bifurcate the issue of punitive damages from the remaining issues violates Defendants' due-process rights guaranteed by the U.S. Constitution, including the Fourteenth Amendment.

158. Defendants reserve the right to assert all other affirmative defenses allowed under the Arkansas Rules of Civil Procedure or Arkansas law as may

become apparent after discovery is completed.

    WHEREFORE, Defendants pray that the Complaint against them be dismissed; for costs; for attorney's fees; and any and all other relief to which they may be entitled.

    Respectfully submitted,

    Scott P. Richardson, Ark. Bar No. 2001208
    Lauren McCauley, Ark. Bar No. 2023140
    McDaniel Wolff, PLLC
    1307 West Fourth Street
    Little Rock, Arkansas 72201
    (501) 954-8000

    scott@mcdanielwolff.com
    lmccauley@mcdanielwolff.com

    *Attorneys for Defendants*